**Saeed AHMED, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Through Alberto GONZALES,\* United States Attorney General, Respondent.**

**No. 03–4112 NAC TO RAC.**

United States Court of Appeals,
Second Circuit.

March 16, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

David A. Bowen, Bowen & Melbourne, New York, New York, for Petitioner.

Larry D. Adams, Assistant United States Attorney for the District of Maryland (David Kelley, United States Attorney for the Southern District of New York, on the brief), Baltimore, Maryland, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. JOHN G. KOELTL, District Judge.**

### SUMMARY ORDER

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Saeed Ahmed ("Ahmed"), a citizen and national of Bangladesh, petitions for review of the BIA's December 2, 2002 order affirming without opinion the decision of an Immigration Judge ("IJ") that rejected Ahmed's claims for asylum and withholding of removal under 8 U.S.C. §§ 1158(a) and 1231(b)(3), and withholding of removal under Article 3 of the Convention Against Torture ("CAT"). Ahmed alleges that he was detained, beaten, and tortured on account of his active involvement with the Jatiya Party ("JP"), and that he fears that he will be persecuted if he returns to Bangladesh. The IJ found Ahmed not credible. The IJ also found, as an alternative basis, that Ahmed failed to establish a well-founded fear of persecution because the JP has since become part of the ruling coalition. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the decision of the IJ directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir.2004).

■ (1) The IJ's adverse credibility finding was supported by substantial evidence. The petitioner complains that the IJ incorrectly concluded that Ahmed should have submitted documentation to support his testimony that there is an outstanding warrant for his arrest, and failed to consider that, if Ahmed was being pursued for arrest, he would not apply to the police for a copy of the warrant. *See Diallo v. INS*, 232 F.3d 279, 288–89 (2d Cir.2000) ("[F]ailure of proof is not a proper ground *per se* for an adverse credibility determination."). Maybe, but adverse credibility determinations can be affirmed on the record as a whole notwithstanding defects of reasoning. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 182 n. 3 (2d Cir. 2004) (affirming adverse credibility finding in spite of disagreement with one of the bases for that finding); *Jin Chen v. U.S. DOJ*, 426 F.3d 104, 113 (2d Cir.2005) (same). Here, Ahmed gave two differing accounts of the alleged assault on him. Moreover, the two affidavits that Ahmed submitted from JP party members make no mention of Ahmed's detention (a subject they would presumably know about). And these affidavits contain nearly identical, boilerplate language. Finally, Ahmed

** The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

submitted no affidavits, letters, or statements from his family members attesting to their being harassed by the police.

 Moreover, the petitioner does not address the IJ's alternative basis that Ahmed had failed to establish a well-founded fear of persecution because his party was now part of the ruling coalition in Bangladesh. The petitioner has thus failed to demonstrate that his fear of persecution is objectively reasonable. *Ramsameachire*, 357 F.3d at 178 (establishing a well-founded fear of persecution requires both that the petitioner subjectively fears persecution and that his fear is objectively reasonable).

(2) This Court lacks jurisdiction to consider Ahmed's CAT claim, because he failed to argue that claim to either the BIA or to this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004) (per curiam).

(3) This Court also lacks jurisdiction to consider Ahmed's claim that the BIA erred in having his appeal decided by a single member of the agency rather than by a three-member panel. *See Kambolli v. Gonzales*, 03–40411, 2006 WL 1453116 (2d Cir. May 26, 2006).

We have reviewed all of Ahmed remaining arguments and find them to be without merit. For the foregoing reasons, we hereby DENY Ahmed's petition for asylum and withholding of removal, and the outstanding motion for stay of removal is hereby DENIED.